UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Beryl J. Koenig, | ) C/A No. 8:10-00696-HMH-BHH |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| United States Marshals;<br>Eric H. Holder, Jr., Attorney General;<br>United States of America;<br>United States Probation, | )<br>) Report and Recommendation<br>) |
| Respondents. | ) |

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA),Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent

standard, however, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The instant petition references Petitioner's criminal conviction in this Court. *See U.S.A. v. Koenig*, Criminal Case No. 8:07-01107-HMH (D.S.C.). Petitioner's pleadings and the Court's docket in 07-01107 reflect that Petitioner entered a guilty plea, pursuant to a plea agreement, to one count of wire fraud on August 25, 2008. Petitioner was sentenced by the Honorable Henry M. Herlong, Jr., to two years' probation on November 25, 2008. A judgment was entered in the case on December 3, 2008. Petitioner did not appeal her conviction and sentence. However, Petitioner did file a motion, brought pursuant to 28 U.S.C. § 2255, in her criminal action on March 18, 2010. Petitioner's § 2255 motion was summarily dismissed on April 12, 2010. Petitioner's present habeas action, brought pursuant to 28 U.S.C. § 2241, was also filed on March 18, 2010, and appears to duplicate the claims presented by Petitioner in her § 2255 motion.

## Discussion

Petitioner is currently on federal probation. "For the purposes of relief under the federal habeas corpus statutes, probation constitutes custody, as a probationer is subject to restraints not shared by the public generally." *Hammitt v. United States Probation Office*, No. 07-1191, 2007 WL 2298127, at **1, n. 2 (4th Cir. Aug. 9, 2007). Although Petitioner was sentenced in the United States District Court for the District of South Carolina, she currently resides in Loveland, Colorado, and her probation is supervised by Probation

Officer Pete Stein of the District of Colorado Probation Office. *See U.S.A. v. Koenig*, Criminal Case No. 8:07-01107-HMH (D.S.C.)(Docket Entry No.'s 119, 122).[1]

It is well settled that, in order to entertain a habeas corpus petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian of the petitioner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973)(writ of habeas corpus does not act upon the petitioner who seeks relief, but upon his or her custodian). Typically, the warden of the facility in which a § 2241 habeas petitioner is incarcerated is considered the "custodian" in such an action. However, courts have held that, for petitioner's on federal probation or parole, "the custodian is the person having day-to-day control over the [petitioner, for that] person is the only one who can directly produce 'the body' of the petitioner." *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986). *See also Starchild v. United States Parole Commission*, No. 89-6588, 1989 WL 126681 (4th Cir. Oct. 20, 1989).

In the instant action, a federal probation officer in the District of Colorado is responsible for the day-to-day supervision of Petitioner's probation. As this Court does not have personal jurisdiction over Petitioner's Colorado probation officer, the Court lacks jurisdiction to entertain the instant habeas action. Therefore, Petitioner's case is subject to summary dismissal.

However, it is noted that Petitioner's § 2241 habeas claim would be subject to summary dismissal even if this Court could exercise jurisdiction over the case. The

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

present pleadings allege that the sentencing court "lacked jurisdiction to proceed on this case because it never had subject matter jurisdiction, is not an Article III court, and violated Due Process and its ministerial duty by failing to make specific findings of fact and law in this case." (Petition, page 1). Petitioner asks the Court to A. "Issue a writ of habeas corpus declaring Petitioner's constraints illegal and the court without jurisdiction and in violation of Due Process; B. Declare Public Law 80-772 unconstitutional; C. Declare Petitioner actually innocent of any alleged crimes charged." (Petitioner, page 58).

In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. *In re Dorsainvil*, 119 F.3d 245, 249 (3rd Cir. 1997). "The remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy". *Dumornay v. United States*, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994) citing *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention'". *Id.* at *2*, quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). *See also Waletzki v. Keohane*, 13 F.3d 1079, 1080, (7th Cir.1994) ("a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, **if** the prisoner can

4

demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in *In re Jones*, 226 F.3d 328 (4th Cir.2000), set forth the test to determine whether a §2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-334.

In the instant action, Petitioner makes no argument that "28 U.S.C. 2255 is inadequate or ineffective to contest" the legality of Petitioner's conviction. Further, Petitioner presents no facts to indicate that she meets any of the aforementioned *Jones* criteria, required to invoke the "savings clause" of § 2255. In essence, Petitioner seeks to challenge a federal conviction, but fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of her conviction and/or sentence. Thus, if this Court had jurisdiction over the instant § 2241 action, Petitioner's writ of habeas corpus would be subject to dismissal.[2]

---

[2] It is noted that Petitioner's § 2255 motion, filed in *U.S.A. v. Koenig*, Criminal Case No. 8:07-01107-HMH (D.S.C.), was summarily dismissed after the instant § 2241 habeas action was filed. However, the remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion. *In re Avery W. Vial* 115 F.3d 1192 (4th Cir. 1997).

As this Court lacks jurisdiction over Petitioner's claims for purposes of 28 U.S.C. § 2241, the Court must either dismiss this case or transfer it to the United States District Court for the District of Colorado. *See* 28 U.S.C. § 1406(a). It is recommended below that the instant case be dismissed without prejudice. Petitioner may re-file in the proper Court, if she so desires.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 22, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).